UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONARD FIELDS,

       Plaintiff,

v.                                             Case No. 18-C-1947

HEIDI GUNTHER,
EMILY HARTFIELD, and
DEPARTMENT OF CORRECTIONS
PROBATION AND PAROLE,

       Defendants.

## SCREENING ORDER

Plaintiff Leonard Fields, who is currently serving a state prison sentence at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has paid the $400 filing fee. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that Heidi Gunther, his parole agent, met with an informant that Plaintiff believes was not reliable or trustworthy. Based on the information provided, Gunther entered Plaintiff's house with an officer without a warrant or the Department of Corrections' approval. Plaintiff claims Emily Hartfield, Gunther's supervisor, violated his rights because she did not reprimand Gunther or notify the Department of Corrections of the search. Plaintiff specifically alleges that as a result of the defendants' violations of his rights, "Mr. Fields was convicted of a drug offense and a proper investigation was not done." ECF No. 1 at 3. Plaintiff requests an award of money damages in the amount of $950,000 for the hardship he endured.

Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under this doctrine, "a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would 'necessarily imply' that his conviction had been invalid." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Heck*, 512 U.S. at 487). Stated differently, "a plaintiff may not pursue a suit for damages under § 1983 that would undermine the validity of a conviction unless he demonstrates that the conviction 'has been reversed on direct appeal, expunged by executive order,

2

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Hadley v. Quinn*, 524 F. App'x 290, 293 (7th Cir. 2013) (quoting *Heck*, 512 U.S. at 487). This case must be dismissed because success in this lawsuit would necessarily imply the invalidity of Plaintiff's conviction. Section 1983 is not the proper method for challenging Plaintiff's conviction. Plaintiff's complaint must, therefore, be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this   20th   day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
